956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mutee EL-AMIN, Plaintiff-Appellant,
v.
U.S. VETERANS ADMINISTRATION, et al., Defendants-Appellees.
 No. 91-1862.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.*
Decided March 6, 1992.
Rehearing and Rehearing En Banc
Denied March 30, 1992.
 
 Before FLAUM, and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 Order
 
 1
 Mutee El-Amin is a disappointed applicant for veterans' benefits. Instead of invoking review in the Court of Veterans Appeals under 38 U.S.C. § 7252, he filed this action seeking damages from the VA, the VA's adjudicative officer, and a physician who examined him in connection with his claim. The district court granted summary judgment to all defendants in a series of decisions, and El-Amin has appealed. The clerk's office erroneously docketed the case as one involving but a single defendant. El-Amin's notice of appeal and brief make it clear, however, that he continues to press his claims against all three defendants.
 
 
 2
 Any effort to obtain from the VA money damages in lieu of veterans' benefits runs headlong into § 7252, which gives the Court of Veterans Appeals exclusive jurisdiction of all contests to decisions denying requests for benefits. The effort to bypass this barrier by suing some natural persons in their individual capacities goes nowhere. F.G. Rothgeber, the VA's adjudicative officer, is immune under the Westfall Act, 28 U.S.C. § 2671, because his acts took place in the course of his federal employment. See United States v. Smith, 111 S.Ct. 1180 (1991); Sullivan v. Freeman, 944 F.2d 334 (7th Cir.1991). El-Amin's failure to make a written claim under the Federal Tort Claims Act forecloses that alternative. 28 U.S.C. § 2675.
 
 
 3
 El-Amin asserts a constitutional claim against Rothgeber and Chester F. McClure, the physician who examined him, which avoids the Westfall Act but fails on the ground of immunity. An adjudicator possesses immunity under Butz v. Economou, 438 U.S. 478 (1978). McClure is immune under the doctrine of Briscoe v. LaHue, 460 U.S. 325 (1983), which protects witnesses against damages liability when the losing litigant is dissatisfied with the outcome. El-Amin is in state custody and accuses McClure of violating the eighth amendment (applied to the states by the fourteenth) by failing to diagnose what El-Amin asserts is post-traumatic stress disorder. Invoking the eighth amendment avoids Briscoe but is otherwise pointless; disagreement with a diagnosis does not establish cruel and unusual punishment.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record